1    UNITED STATES DISTRICT COURT

2    EASTERN DISTRICT OF WASHINGTON

3

4

5   CATHY SMITH,
                                              No. CV-05-358-FVS
6                  Plaintiff,

7          v.                                 ORDER RE: PROTECTIVE ORDER

8

9   WELLS FARGO BANK, N.A., a foreign
    corporation, and KARRI ERICKSON, an
10  individual,

11                 Defendants.

12

13         The Court, being fully advised, now therefore,

14         **IT IS HEREBY ORDERED** that pursuant to the parties' joint motion for

15   protective order (Ct. Rec. 20) and the parties' joint motion to expedite (Ct. Rec. 22) are

16   GRANTED.

17         Certain documents and information to be provided by Plaintiff, Defendant, or

18   non-parties in response to discovery requests may contain confidential or proprietary

19   information, including but not limited to the following:  personal or confidential

20   information concerning non-parties such as other employees of Defendant, personnel

21   files, manager files, medical records or information regarding Plaintiff or non-parties

22   such as other employees of Defendant, or other confidential or proprietary business

23   records reflecting Defendant's methods of doing business or financial information, such

24   as Defendant's operating procedures, internal business information, insurance

25   information, or financial data, which would not otherwise be known to the public,

26   collectively referred to as the "Protected Documents."  All "Confidential" designations

ORDER RE: PROTECTIVE ORDER - 1

must be based on the good faith belief that the information constitutes (a) proprietary, confidential or sensitive business, personal, or financial information of either party which would not otherwise be known to the public; or (b) information from Defendant's personnel or business files on employees or personal information regarding Defendant's customers, which would not otherwise be known to the public.

"Producing Party" shall mean the party or person providing discovery, or the party or person that originated the document.

The Producing Party will designate each of the Protected Documents with the legend "Confidential."

A document mistakenly produced or disclosed without a "Confidential" designation after the entry of this Order may be subsequently designated by a party as "Confidential" within 10 business days from the date of discovery by the designating party that the document was mistakenly produced or disclosed without such designation. In such instance, the designating party shall provide to all other parties written notice of the designation of confidentiality and shall provide a replacement copy of the document(s) with the "Confidential" designation.  The party or parties receiving the new copy shall substitute the document(s) designated "Confidential" for the prior undesignated copy or copies.  No person shall be liable for publicly disclosing a document marked "Confidential" pursuant to this paragraph if that disclosure occurred prior to receipt of said written notice.

Copies of Protected Documents, and the information therein, shall be received only by the parties to this litigation, their counsel, and the employees and/or agents of the parties or their counsel, including but not limited to expert witnesses and secretarial and paralegal assistants, as necessary to assist in the preparation of this litigation.   Copies of the Protected Documents and the information therein shall be held confidential by such persons, and shall not be made available or disclosed to any other

person except upon the agreement of counsel for the Producing Party.  Notwithstanding the above, in the course of any deposition in this action, counsel for Plaintiff or Defendant may question the deponent about any of the Protected Documents.  Any person receiving access to any Protected Documents or information designated as "Confidential" pursuant to this Order, including deponents, shall be advised, before disclosure of such information or documents, that they have been designated "Confidential" pursuant to this Order and may not be revealed to any other person beyond those allowed by this Order.

Nothing in this Order shall prohibit Plaintiff or Defendant from seeking to introduce Protected Documents or the information therein at trial or seeking to protect such information at trial, or seeking a court ruling that the Protected Documents and the allegedly confidential information therein should not be designated as Confidential.  Any Protected Documents attached to or referred to in pleadings, motions, or other documents filed with the Court must be submitted under seal.

The Protected Documents and the information contained therein shall be used only for purposes of this litigation, including the prosecution, defense, appeal, or settlement of this action and for no other purpose.

Nothing in this stipulation shall be deemed to constitute a waiver of any objections as to the admissibility into evidence of any of the Protected Documents or Confidential information during the litigation of this case.  This Order does not limit any right of any party to resist discovery or compel discovery with respect to any documents or other information under applicable court rules and law.

The provisions of this Order, insofar as they restrict the communication and use of certain Protected Documents, and the information contained therein, shall continue to be binding after the conclusion of this action.

At the conclusion of this matter, the Protected Documents and materials

ORDER RE: PROTECTIVE ORDER - 3

designated "Confidential," and all copies thereof, shall be destroyed by the party to whom the documents were produced, unless the Producing Party requests that they be returned within 15 days of dismissal of this matter, in which case they shall be returned at the requesting party's expense, except that counsel for each party may retain a file set of Protected Documents and any work product that includes Confidential documents or information, which shall remain Confidential under this Order.

The Court may enter an order consistent with this stipulation.  The Court may change the terms of this Order on its own motion after notice to the parties and an opportunity to be heard.

This agreement and Order shall survive the final termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

Accordingly,

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this 4th day of April, 2006.

   s/ Fred Van Sickle
Fred Van Sickle
United States District Judge

ORDER RE: PROTECTIVE ORDER - 4